**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| GREG MILTON, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. _____ |
| DIRECT MERCHANTS BANK, | * |
| and | * |
| MANN BRACKEN, LLC, | * |
| and | * |
| METRIS COMPANIES, INC., | * |
| and | * |
| HSBC BANK NEVADA, N.A., | * |
| and | * |
| HSBC BANK USA, N.A., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

Defendants Direct Merchants Credit Card Bank, N.A., incorrectly referred to as "Direct Merchants Bank,"("DMB"), Metris Companies, Inc. ("Metris"), HSBC Bank Nevada, N.A. ("HSBC Nevada"), and HSBC Bank USA, N.A. ("HSBC USA"), by their undersigned attorneys, hereby provide Notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of

Maryland.  Removal is based on 28 U.S.C. § 1332(a) (diversity jurisdiction), and 28 U.S.C. § 1331 (federal question), with 28 U.S.C. § 1367 (supplemental jurisdiction).  As grounds for removal, DMB, Metris, HSBC Nevada, and HSBC USA state the following:

### BACKGROUND

1. Plaintiff Gregory Milton, Esquire commenced this action on or about January 31, 2008, by filing a complaint in the Circuit Court for Montgomery County, Maryland (the "State Court Action").  The State Court Action was assigned Case Number 291898V.  Since initiating this action and before perfecting service on any defendant, Plaintiff amended his complaint on February 25, 2008.  Thereafter, Plaintiff amended his complaint a second time on April 17, 2008.  Copies of all three complaints are attached hereto as part of **Exhibit A**.

2. Removal to this Court is proper.  Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Maryland, Southern Division, which is the federal district court embracing the state court where the State Court Action was filed.

3. Removal is timely.  Summonses, dated February 29, 2008, and the first amended complaint, dated March 27, 2008, were first received by certified mail by DMP, Metris, and HSBC Nevada on March 30, 2008.[1]  HSBC USA has no record of being served with or receiving a summons and a copy of any of the three complaints, but nevertheless joins in this notice.  This Notice of Removal is being filed with the United States District Court for the District of Maryland on April 29, 2008, within

---

[1] Neither DMB, Metris, nor HSBC Nevada were properly served through their respective resident agents.  Rather, the summonses and the first amended complaint were received by certified mail in the mail room of HSBC Nevada.  The original complaint was also received by certified mail in HSBC Nevada's mail room, but did not include a summons. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a defendant must remove within 30 days after receiving both the summons and a copy of the complaint).

2

thirty days after receipt by DMB, Metris, and HSBC Nevada of the summons and the first amended complaint filed in the State Court Action.  *See* 28 U.S.C. § 1446(b); *Michetti Pipe*, 526 U.S. at 354.

    4.    All other procedural requirements have been met.

    (a)    Attached hereto as **Exhibit A** is a copy of all process, pleadings and orders received by DMP, Metris, and HSBC Nevada in the State Court Action, namely, the summonses, the initial complaint, and the two amended pleadings.[2]  *See* 28 U.S.C. § 1446(a); Local Rule 103(5)(a).

    (b)    Attached hereto as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal that DMP, Metris, HSBC Nevada, and HSBC USA will file with the Clerk of the Circuit Court for Montgomery County, Maryland and will promptly serve upon Plaintiff.

    (c)    Attached hereto as **Exhibit C** is Defendant Mann Bracken, LLC's written consent to the removal of this case.

**STATUTORY REQUIREMENTS**

**I.    DIVERSITY JURISDICTION**

    5.    Removal is warranted pursuant to 28 U.S.C. § 1332(a), which confers jurisdiction to federal courts where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiff is a citizen of a different state from all of the defendants.

<u>Plaintiff and DMP, Metris, HSBC Nevada, and HSBC USA are Completely Diverse</u>

    6.    Pursuant to 28 U.S.C. § 1332(a), the plaintiff must be a citizen of a different state from all named defendants.  This requirement is easily satisfied in this case.

    7.    As alleged in the complaint, Plaintiff is a citizen of Maryland.

---

[2] DMB, Metris, HSBC Nevada, and HSBC USA received the second amended complaint, through counsel, from co-defendant Mann Bracken, LLC.

8. HSBC Nevada is a federally chartered bank headquartered in Las Vegas, Nevada.

9. In December 2005, HSBC Finance Corporation acquired Metris and its wholly owned subsidiary DMB. Thereafter, DMB merged with and into HSBC Nevada with HSBC Nevada being the surviving entity. Metris was merged with and converted into an entity named MTX LLC, which is a wholly owned Delaware limited liability company of HSBC Finance Corporation.

10. Prior to the December 2005 transaction, DMB was a federally chartered bank headquartered in Scottsdale, Arizona. Metris was a Delaware corporation with its principal place of business in Minnetonka, Minnesota. Although not a party to this action, HSBC Finance Corporation is a Delaware corporation that maintains its principal place of business in Mettawa, Illinois.

11. HSBC USA is a federally chartered bank headquartered in Buffalo, New York.

12. Defendant Mann Bracken, LLC is a Georgia limited liability company that maintains its principal place of business in Georgia.

13. Thus, the parties are completely diverse.

The Amount in Controversy Exceeds $75,000

14. The amount in controversy standard under 28 U.S.C. § 1332(a) is met if the claims of Plaintiffs exceed $75,000, exclusive of interest and costs.

15. According to the complaint and all amendments thereto, Plaintiff seeks monetary damages against defendants in the amount of $1,000,000. Therefore, the amount in controversy as claimed by Plaintiff satisfies the $75,000 threshold for diversity jurisdiction.

16. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 USC § 1332(a).

## II. FEDERAL QUESTION JURISDICTION

17. This Court also has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Additionally, pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removed without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

18. In the complaint and all amendments thereto, Plaintiff asserts claims for violations of federal and state law arising from a dispute concerning two credit card accounts that Plaintiff once maintained with DMB. Plaintiff's assertion of claims under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq.* (Count IV), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Count VI), render this suit as one over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331. To the extent the complaint also asserts state law claims that do not involve these or other federal statutes, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the presence of all jurisdictional requirements established by 28 U.S.C. §§ 1331 and 1332, Defendants Direct Merchants Bank, Metris Companies, Inc., HSBC Bank Nevada, N.A., and

HSBC Bank USA, N.A. respectfully serve notice that the above-referenced civil action, now pending in the Circuit Court for Montgomery County, Maryland, is removed therefrom to the United States District Court for the District of Maryland.

          Respectfully submitted,

          _____/s/_____
          Brian L. Moffet (Fed. Bar No. 13821)
          GORDON, FEINBLATT, ROTHMAN,
            HOFFBERGER & HOLLANDER, LLC
          The Garrett Building
          233 East Redwood Street
          Baltimore, Maryland  21202-3332
          Tel:   (410) 576-4000
          Fax:   (410) 576-4246
          e-mail: bmoffet@gfrlaw.com

          **Attorneys for Defendants Direct Merchants Bank, Metris Companies, HSBC Bank Nevada, N.A., and HSBC Bank USA, N.A.**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 29th day of April 2008, a copy of the foregoing Notice of Removal was mailed, first class, postage prepaid and sent electronically to:

| | |
|---|---|
| Greg Milton, Esquire | Ronald S. Canter |
| 1101 Elmcroft Blvd. | The Law Offices of Ronald S. Canter, LLC |
| Rockville, Maryland 20850 | 11300 Rockville Pike |
| | Suite 1200 |
| | Rockville, MD 20852 |
| | *Attorney for Defendant Mann Bracken, LLC* |

                                                         /s/
                                    Brian L. Moffet

791276.1
99998/000004
04/29/2008